KAREN LEE TURNER,

                Plaintiff,        **1:16-cv-00405 (MAT)**

                                     **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                Defendant.

## I. Introduction

Plaintiff Karen Lee Turner("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("defendant" or "the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Procedural History

Plaintiff protectively filed applications for DIB and SSI on December 6, 2012 and June 6, 2013, respectively, alleging disability due to vertigo, syncope, diabetes, and hypertension. Administrative Transcript ("T.") 117-23, 145. Plaintiff's applications were initially denied, and she timely requested a hearing before an administrative law judge ("ALJ"), which occurred on October 21, 2014, before ALJ Grenville W. Harrop, Jr. T. 34-56, 79-80. On January 5, 2015, ALJ Harrop issued a decision in which he found plaintiff not disabled as defined in the Act. T. 14-31. The Appeals Council denied plaintiff's request for review on March 25, 2016, rendering the ALJ's determination the Commissioner's final decision. T. 1-4. Plaintiff subsequently commenced the instant action.

## III. The ALJ's Decision

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 19. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 1, 2012, the alleged onset date. *Id*. At step two, the ALJ found that plaintiff had the severe impairments of diabetes, history of syncope, vertigo, hypertension, hyperlipidemia, and left ear deafness. *Id*. At

2

step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 21. Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations: hearing impaired in the left ear, but able to hear and respond to conversation in normal volume; not able to climb ladders or work with heights or heavy, sharp instruments or machinery; occasionally able to lift ten pounds and frequently able to lift five pounds; can sit for six hours and stand and walk for two hours in an eight hour workday. *Id.* At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 25. At step five, the ALJ found that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id.* Accordingly, the ALJ found that plaintiff was not disabled. T. 26.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).

Here, plaintiff makes the following arguments in favor of her motion for judgment on the pleadings: 1) the ALJ violated the treating physician rule by giving little weight to the opinion of her primary care physician, Dr. Kent Tisher and 2) the ALJ failed to properly evaluate plaintiff's crediblity. For the reasons discussed below, the Court finds these arguments without merit.

### A. The ALJ did not Violate the Treating Physician Rule

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's

4

opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6).

In this case, Dr. Tisher drafted a letter dated July 18, 2013, in which he discussed plaintiff's vertigo and associated syncope. T. 280. Dr. Tisher stated that plaintiff suffered from "episodic vertigo with syncopal episodes for which there has been no cause or trigger identified." *Id*. Dr. Tisher opined that plaintiff was unable to return to her prior work as a personal care aide because of the potential danger to herself, her colleagues, and her patients. *Id*. Dr. Tisher further opined that plaintiff's vertigo and associated syncope would prevent her from "work[ing] in an environment that requires regular attendance." *Id*. In his decision, the ALJ gave Dr. Tisher's opinion little weight. T. 23. The ALJ explained that the record showed that plaintiff had not had any syncopal episodes in almost three years, and that there was no

5

evidence that she could not perform work-related tasks if she were in a seated position. *Id.*

Plaintiff argues that the ALJ failed to articulate "good reasons" for discounting Dr. Tisher's opinion regarding plaintiff's ability to regularly attend work. The Court disagrees. Dr. Tisher's opinion, which was issued roughly 18 months prior to the ALJ's decision, explicitly states that the limitations identified therein are a result of "episodic vertigo <u>with syncopal episodes</u>." T. 280 (emphasis added). As the ALJ explained, plaintiff's condition had improved between the date of Dr. Tisher's opinion and the date of the ALJ's decision, inasmuch as plaintiff was no longer actively suffering from syncopal episodes. An ALJ is permitted to afford little weight to the opinion of a treating physician where the medical record shows improvement in the claimant's condition. *See, e.g., Viteritti v. Colvin*, 2016 WL 4385917, at *12 (E.D.N.Y. Aug. 17, 2016) (ALJ did not err in affording little weight to treating physician opinion where treatment records showed plaintiff's mood had stabilized with treatment); *Clark v. Colvin*, 2015 WL 1458628, at *14 (W.D.N.Y. Mar. 30, 2015) (ALJ did not err in affording little weight to treating physician opinion where plaintiff's condition had improved with treatment and medication).

Moreover, and as the ALJ properly noted, plaintiff testified at the hearing that she was able to sit all day and that her dizzy

6

spells would last for only a minute or two. T. 46, 50. In fact, plaintiff testified that when she was having a "bad day," she dealt with it by not "do[ing] as much" and "sit[ting] around . . . all day." T. 52-53. She further testified that on a "bad day" she could stand for "an hour or two," except that if she actively felt dizzy, she would need to sit down. T. 53-54. In other words, even by plaintiff's own account, her "bad days" do not prevent her from engaging in seated activities, contrary to Dr. Tisher's opinion. An ALJ does not violate the treating physician rule where he "properly conclude[s] that some of the limitations assessed by [the treating physician] were directly refuted by [the claimant's] own testimony concerning his physical capabilities." *Clark*, 2015 WL 1458628, at *14.

For the foregoing reasons, the Court finds that the ALJ did not violate the treating physician rule in assigning little weight to Dr. Tisher's opinion. Accordingly, plaintiff has failed to demonstrate that remand is required.

### B. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff's second and last argument is that the ALJ failed to take the episodic nature of her condition into account in assessing her credibility. This argument is also without merit.

"Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is

7

supported by substantial evidence." *Hargrave v. Colvin*, 2014 WL 3572427, at \*5 (W.D.N.Y. July 21, 2014) (internal quotation omitted). In this case, the ALJ found plaintiff not "entirely credible", noting that: 1) almost all of her examination findings were normal; 2) she reported being able to cook, clean, do laundry, shop for groceries, go for walks, and sit all day; and 3) she had failed to take medications as prescribed in the past, sometimes due to insurance issues and sometimes due to non-compliance. T. 23-24.

Plaintiff argues that the ALJ's credibility analysis was flawed because he failed to account for her limitations while suffering from an episode of vertigo. However, plaintiff's argument misstates the record. Although plaintiff did testify that on a "bad day," she would try not to leave her house and would sit and relax for most of the day, she also testified that she was able to walk around the house and that she could stand for "an hour or two." T. 23-24. Plaintiff further stated that the "biggest difference" between a good day and a bad day was that she was "[n]ot . . . able to do as much as [she] want[s] to." T. 54. In other words, and contrary to plaintiff's current argument, she did not testify before the ALJ that she was incapacitated during an episode of vertigo. It is well-established that a claimant's daily activities are an appropriate factor to consider in assessing credibility. *See, e.g., Crowley v. Barnhart*, 220 F. Supp. 2d 176, 180 (W.D.N.Y. 2002). Here, plaintiff has not shown that the ALJ's

consideration of her daily activities ignored the episodic nature of her condition.

Moreover, the ALJ's credibility finding did not rest solely on plaintiff's reported daily activities, but was also supported by the medical evidence of record and plaintiff's history of non-compliance with her prescribed treatment. These are both appropriate and relevant factors for the ALJ to have considered in assessing plaintiff's credibility. *See, e.g., Bailey v. Colvin*, 2017 WL 149793, at *5 (W.D.N.Y. Jan. 14, 2017) (ALJ properly considered the fact that "diagnostic testing had generally been normal or negative" in assessing plaintiff's credibility); *Nicholson v. Colvin*, 2015 WL 1643272, at *7 (N.D.N.Y. Apr. 13, 2015) ("The ALJ properly considered Plaintiff's failure to comply with medication treatment as prescribed as a factor weighing against her credibility, particularly because she had continued counsel from her treatment providers to maintain the medication regimen.").

"Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are patently unreasonable." *Andrisani v. Colvin*, 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017) (internal quotation omitted). In this case, the ALJ adequately explained the rationale for his credibility determination, and the Court is able to conclude that he viewed the entire evidentiary record in doing so. Accordingly, remand is not warranted.

**V.  Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 10) is denied and the Commissioner's motion (Docket No. 12) is granted.  Plaintiff's complaint is dismissed in its entirety with prejudice.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   September 27, 2017
         Rochester, New York.